```
UNITED STATES DISTRICT COURT                    For Online Publication Only
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOSEPH BURNO,

                            Petitioner,          MEMORANDUM & ORDER
                                                 19-CV-2536 (JMA)
          -against-

ROBERT MORTON,
                                                          FILED
                                                          CLERK
                            Respondent.
----------------------------------------------------------------X      3/3/2020 9:18 am
```

**APPEARANCES:**

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

Joseph Burno
13A4419
Downstate Correctional Facility
121 Red Schoolhouse Road
P.O. Box F
Fishkill, NY 12524
    Pro se

Tammy J. Smiley
Mary Faldich
Madeline Singas, District Attorney
Nassau County District Attorney's Office
262 Old Country Road
Mineola, NY 11501
    *Attorneys for Respondent*

**AZRACK, United States District Judge:**

      On April 26, 2019, petitioner Joseph Burno ("Petitioner"), appearing pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ("Petition," ECF Nos. 1, 2, 3.) Shortly thereafter, the Court issued an order for "the Attorney General of the State of New York, or the District Attorney of Nassau County, as attorney for respondent" to show cause "by the filing of a return to the petitioner, why a writ of habeas corpus should not be issued." On June 25, 2019, the respondent District Attorney of Nassau County ("Respondent") filed the instant motion to dismiss along with the state court record. (ECF Nos. 8, 9.) Petitioner opposed the motion on August 1,

2019. (ECF No. 11.) For the reasons set forth below, Respondent's motion to dismiss is granted, and the Petition is dismissed.

**I. Background**

Petitioner's conviction stems from an altercation with his landlord, Anthony Diaz, that took place on a staircase outside of his basement apartment. Diaz testified that on November 29, 2011, Petitioner fired an unlicensed .25 caliber handgun at Diaz, striking Diaz's arm. As the scuffle escalated, Petitioner fired a second shot at Diaz, which missed, and used the gun to strike Diaz's forehead. After hiding the gun in his apartment, Petitioner continued the altercation with Diaz on his front lawn and threatened Diaz with a box cutter. Petitioner was arrested shortly thereafter, and charged with attempted murder in the second degree, criminal possession of a weapon in the second degree, two counts of criminal possession of a weapon in the fourth degree, attempted assault in the first degree, and assault in the second degree.

On July 15, 2013, a jury found Petitioner guilty of assault in the second degree and criminal possession of a weapon in the second and fourth degrees. (ECF No. 9-42 at 132–34.) On September 10, 2013, Petitioner was sentenced to concurrent terms of incarceration consisting of one year of incarceration for criminal possession of a weapon in the fourth degree, ten years of incarceration, with two years of post-release supervision, for criminal possession of a weapon in the second degree, and two-and-one-third to seven years of incarceration for assault in the second degree. (ECF No. 9-30 at 14.) The sentencing court also entered an order of protection and imposed various fees and $950 in restitution. (Id. at 14–15.)

On December 11, 2014, Petitioner, through appellate counsel, appealed his judgment of conviction to the Appellate Division, Second Department. (ECF No. 9-1.) The Second Department unanimously affirmed Petitioner's judgment of conviction on July 8, 2015. People

v. Burno, 12 N.Y.S.3d 306 (2d Dep't. 2015). Through appellate counsel, Petitioner then sought leave to appeal to the Court of Appeals, which the Court of Appeals denied on April 15, 2016. People v. Burno, 27 N.Y.3d 993 (2016). Petitioner did not file a petition for a writ of certiorari in the United States Supreme Court. Petitioner's conviction thus became final on July 14, 2016, when the ninety-day window for filing a petition for a writ of certiorari expired.

On September 27, 2016, Petitioner, appearing pro se, moved to vacate his judgment of conviction pursuant to N.Y. CPL § 440.10(1)(h) because his trial attorney was ineffective. (ECF No. 9-4.) The trial court denied Petitioner's motion in its entirety on May 5, 2017. (ECF No. 9-7.) Thereafter, on May 30, 2017, Petitioner moved, again pro se, for a certificate granting leave to appeal to the Appellate Division from the denial of his motion to vacate his conviction. (ECF No. 9-8.) On July 31, 2017, the Appellate Division denied his leave application. People v. Burno, 2017 WL 3224283 (2d Dep't July 31, 2017). Even though the Appellate Division's denial was unappealable, Petitioner, still appearing pro se, sought leave to appeal to the Court of Appeals on August 22, 2017. (ECF No. 9-11.) In an order dated October 17, 2017, the Court of Appeals dismissed Petitioner's application "because the order sought to be appealed from is not appealable under CPL 450.90(1)." People v. Burno, 30 N.Y.3d 978 (2017) (DiFiore, C.J.); see also ECF No. 9-12. In response, Petitioner, again appearing pro se, moved for reconsideration, asserting that he filed his previous application to appeal the Appellate Division's denial pursuant to an incorrect statute. (ECF No. 9-14.) The Court of Appeals denied his motion on December 11, 2017. (ECF No. 9-15.)

On May 14, 2018, Petitioner, proceeding pro se, moved for a writ of error coram nobis in the Appellate Division, Second Department. (ECF No. 9-20.) He argued that his appellate counsel was ineffective under both state and federal constitutional standards. (Id.) The

3

Appellate Division denied his application on October 24, 2018. People v. Burno, 84 N.Y.S.3d 386 (2d Dep't 2018). Moving pro se, Petitioner then sought leave to appeal that decision to the Court of Appeals on November 8, 2018. (ECF No. 9-26.) The Court of Appeals denied his application on January 31, 2019. People v. Burno, 32 N.Y.3d 1170 (2019).

On April 23, 2019, Petitioner, appearing pro se, filed the instant petition for a writ of habeas corpus in this Court. (ECF No. 1.)

## II.  Discussion

The Court is mindful that a "pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted). Even though the Court has construed Petitioner's submissions liberally "to raise the strongest arguments that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006), the Court dismisses the petition as untimely for the reasons explained below. No equitable grounds exist to save the Petition from dismissal.

### A.  Statute of Limitations and Statutory Tolling

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides for a one-year statute of limitations during which a person in custody pursuant to a state court conviction can file a petition for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of four triggering dates, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). A judgment of conviction is "final" upon completion of a defendant's direct appeal in a state's highest court and either completion of proceedings before the United States Supreme Court if the petitioner chooses to file for a writ of certiorari, or the expiration of the ninety-day period during which direct review from the Supreme Court is available by seeking certiorari. See Saunders v. Senkowski, 587 F.3d 543, 547 (2d Cir. 2009) (citing Williams v.

4

Artuz, 237 F.3d 147, 151 (2d Cir. 2001)); Jamison v. Auburn Corr. Facility, No. 10-CV-3440, 2015 WL 8770079, at *4 (E.D.N.Y. Dec. 14, 2015).

AEDPA also provides for tolling the limitations period for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, statutory tolling is not applicable if the relevant post-conviction motions were submitted after the limitations period expired. See Doe v. Menefee, 391 F.3d 147, 159 (2d Cir. 2004).

**1. Statutory Tolling**

Petitioner's conviction became "final" for purposes of AEDPA on July 14, 2016 when the time available for him to seek certiorari from the Supreme Court expired. See Valverde v. Stinson, 224 F.3d 129, 132 (2d Cir. 2000); see also 28 U.S.C. § 2244(d)(1)(A); U.S. Sup. Ct. Rule 13(1). He therefore had one year to file a timely habeas petition.

However, on September 27, 2016, Petitioner filed a 440 motion, seventy-five days into the limitations period. The statute of limitations was then tolled until July 31, 2017, the date on which the Second Department denied him leave to appeal the trial court's denial of his 440 motion. At that point, the statute of limitations had been tolled for 307 days, and Petitioner still had 290 days left to file a timely petition. Accordingly, once the limitations period restarted, Petitioner's deadline to file a timely habeas petition became May 17, 2018.

Petitioner's subsequent motions seeking review of his 440 motion by the Court of Appeals did not toll the statute of limitations. Tolling is only permissible when an application for post-conviction review is "properly filed." 28 U.S.C. § 2244(d)(2). A "properly filed" application is "an application for state post-conviction relief recognized as such under governing state procedures." Hizbullahankhamon v. Walker, 255 F.3d 65, 70 (2d Cir. 2001) (citation omitted).

Petitioner's August 22, 2017 motion for leave to appeal to the Court of Appeals from the Appellate Division's denial of his leave application was not "properly filed" because such denials are not appealable. N.Y. CPL § 450.90(1). See also Brown v. Martuscello, No. 16-CV-6084, 2019 WL 6833299, at *4 (S.D.N.Y. May 14, 2019), report and recommendation adopted, No. 16-CV-6084, 2019 WL 3491461 (S.D.N.Y. Aug. 1, 2019); Girard v. Superintendent, No. 17-CV-1002, 2018 WL 3579861, at *4 (N.D.N.Y. July 25, 2018); Walker v. Graham, 955 F. Supp. 2d 92, 101 (E.D.N.Y. 2013). The October 17, 2017 Court of Appeals decision denying Petitioner leave explained that "the application is dismissed because the order sought to be appealed from is not appealable under CPL 450.90 (1)." (ECF No. 9-12 (emphasis added).) Because the Appellate Division's underlying decision was unappealable, Petitioner also had no basis to then seek reconsideration of the dismissal. Consequently, Petitioner's motions before the Court of Appeals were not "properly filed" for purposes of AEDPA. Therefore, the limitations period was not tolled while these motions were pending.

On May 14, 2018, three days before the limitations period was set to expire, Petitioner moved for a writ of error of coram nobis. Because this petition was "properly filed," the limitations period was tolled for the time during which it was "pending." On January 31, 2019, the Court of Appeals denied Petitioner leave to appeal from the Appellate Division's denial of his petition for a writ of error of coram nobis. At this point, the limitations period resumed, and Petitioner had three days left to file a petition for a writ of habeas corpus. See Walker, 955 F. Supp. 2d at 101. Because February 3, 2019 fell on a Sunday, however, the limitations period was extended for one day until Monday, February 4, 2019. Ultimately, though, Petitioner filed his petition for a writ of habeas corpus on April 23, 2019, seventy-eight days after the deadline. Accordingly, the Petition is untimely.

## B. Equitable Tolling

Equitable tolling can save an otherwise time-barred petition. Pursuant to AEDPA, equitable tolling is available only if a Petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation omitted). Petitioner does not claim that he is entitled to equitable tolling. Out of an abundance of caution, however, the Court will construe Petitioner's remark in his opposition brief that he is a "lay-person in matters of law," (ECF No. 11 at 5), as liberally as possible and will assess if equitable tolling is warranted.

It is well-settled law that a petitioner's pro se status does not necessarily merit equitable tolling. See Smith v. McGinnis, 208 F.3d 13, 18 (2d Cir. 2000). Having a "limited education" and being "ignorant of the law and legal procedure" are "not extraordinary circumstances that warrant equitable tolling." Francis v. Miller, 198 F. Supp. 2d 232, 235 (E.D.N.Y. 2002). Having carefully reviewed the record, the Court has found no evidence to support the application of equitable tolling. There is no allegation that Petitioner was impeded from diligently pursuing his rights during the limitations period. Petitioner's pro se status and lack of familiarity with the law do not warrant equitable tolling. The Petition will therefore be dismissed as time-barred.

## III. CONCLUSION

For the reasons stated above, Respondent's motion to dismiss is granted, and the Petition is dismissed as untimely. A certificate of appealability will not be issued. See 28 U.S.C. § 2253(c). The Court further certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to enter judgment accordingly, close this case, and mail a copy of this Order to Petitioner.

**SO ORDERED.**

Dated: March 3, 2020
       Central Islip, New York

                                                /s/ (JMA)
                                                JOAN M. AZRACK
                                                UNITED STATES DISTRICT JUDGE